UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DOROTHY M. DUGAN,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:16-cv-108

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION AND ENTRY: (1) AFFIRMING THE ALJ'S NON-DISABILITY FINDING AS SUPPORTED BY SUBSTANTIAL EVIDENCE; AND (2) TERMINATING THIS CASE ON THE COURT'S DOCKET**

---

This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' consent. Doc. 11. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[1] This case is before the Court on Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 12), Plaintiff's reply (doc. 13), the administrative record,[2] and the record as a whole.

**I.**

**A.**      **Procedural History**

Plaintiff originally filed for DIB and SSI in January 2001 alleging disability as of February 25, 1999. Tr. 48 (Vols. II). Plaintiff alleged disability as a result of a number of

---

[1] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Decision and Entry to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[2] Hereafter, citations to the manually-filed administrative record will refer only to the Transcript (Tr.) page number. The transcript consists of three volumes. Volumes I and II are Bates-stamped with consecutive pages 1-1953. Volume III, however, begins with Bates-stamped pages 1-811. Thus, record citations herein will indicate the Volume in which the specific document(s) cited appear.

impairments including, *inter alia*, degenerative disc disease of the lumbar spine, degenerative disc disease of the cervical spine, and carpal tunnel syndrome. Tr. 48, 61 (Vols. I).

After an initial denial of her application, Plaintiff received a hearing before ALJ James I.K. Knapp who issued a written decision on May 10, 2002 finding Plaintiff not disabled. Tr. 48-63 (Vol. I). Specifically, ALJ Knapp found at Step Four that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[3] she could perform her past-relevant work as an electronics assembler.[4] *Id*. Thereafter, the Appeals Council denied Plaintiff's request for review. Tr. 66-68 (Vol. I). Plaintiff did not appeal ALJ Knapp's decision in federal court, thus making ALJ Knapp's non-disability finding the final decision of the Commissioner with regard to Plaintiff's initial DIB and SSI application.

In September 2002, Plaintiff filed new applications for DIB and SSI, again alleging disability as of February 25, 1999. Tr. 19 (Vol I). However, because of ALJ Knapp's prior final non-disability decision, May 11, 2002 -- *i.e.*, the date of ALJ Knapp's decision -- became the effective onset date for Plaintiff's new application. Tr. 27 (Vol. III). After an initial denial of Plaintiff's new applications, she received a hearing before ALJ Daniel R. Shell on February 11, 2005. Tr. 35 (Vol. I). ALJ Shell issued a written decision on November 8, 2005 finding Plaintiff not disabled. Tr. 19-35 (Vol. I). Specifically, ALJ Shell found at Step Five that, based upon

---

[3] The Social Security Administration ("SSA") classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id*. § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id*. § 404.1567(a).

[4] ALJ Knapp specifically found Plaintiff capable of lifting more than five pounds frequently or ten pounds occasionally. Tr. 62. In his decision, ALJ Knapp acknowledged that the lifting limitations set forth in his RFC finding are at "the level normally associated with sedentary work . . . [the] RFC must be considered to be one for light work because it permits standing for most of the work day, something that is precluded by the definition of sedentary work." Tr. 58.

Plaintiff's RFC to perform a reduced range of sedentary work, a significant number of jobs existed that Plaintiff could perform. Tr. 34 (Vol. I).

The Appeals Council denied Plaintiff's request for review of ALJ Shell's November 2005 decision. On appeal to this Court, Judge Rice reversed ALJ Shell's non-disability finding and remanded the case to the Commissioner for additional administrative proceedings. *Dugan v. Astrue*, No. 3:07-CV-159, 2008 WL 783382, at *1 (S.D. Ohio Mar. 20, 2008); *see also Dugan v. Astrue*, No. 3:07-CV-159, 2008 WL 755274, at *2 (S.D. Ohio Feb. 28, 2008).

On remand, Plaintiff received a second hearing before ALJ Shell on November 12, 2008. Tr. 1103-43 (Vol. II). ALJ Shell issued a second written decision on December 19, 2008, again finding Plaintiff not disabled. Tr. 814-35 (Vol. I). In this second decision, ALJ Shell found, contrary to his first decision, that Plaintiff was capable of performing light work and further found at Step Five that, based upon such an RFC, "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" *Id*. The Appeals Council denied Plaintiff's request for review of ALJ Shell's second decision. Tr. 808-10 (Vol. I). On appeal to this Court, Judge Rose remanded the matter to the Commissioner for additional administrative proceedings. *Dugan v. Astrue*, No. 3:09-CV-199, 2010 WL 3365701, at *1-2 (S.D. Ohio Aug. 23, 2010); *see also Dugan v. Astrue*, No. 3:09CV0199, 2010 WL 3365740, at *1-16 (S.D. Ohio July 23, 2010).

During this second remand, Plaintiff received a hearing before ALJ Amelia G. Lombardo on June 14, 2011. Tr. 1280 (Vol. II). ALJ Lombardo issued a written decision on October 13, 2011 finding Plaintiff disabled as of July 1, 2009, but not disabled before that date. Tr. 113-38 (Vol. I). With regard to Plaintiff's non-disability status before July 1, 2009, ALJ Lombardo -- like ALJ Shell in his second decision -- found at Step Five that Plaintiff was capable of a reduced range of light work and a significant number of jobs existed in the national economy that

Plaintiff could perform. *Id*. Thereafter, the Appeals Council assumed jurisdiction and remanded the case back to ALJ Lombardo on January 9, 2013. Tr. 1284-86 (Vol. II).

On this third remand, Plaintiff received another hearing before ALJ Lombardo on January 2, 2014. Tr. 1935 (Vol. II). ALJ Lombardo issued her second written decision on April 25, 2014, finding Plaintiff not disabled. Tr. 27-58 (Vol. III). Specifically, ALJ Lombardo then found at Step Five that, based upon Plaintiff's RFC to perform light work, "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" *Id*.

The Appeals Council found Plaintiff's exceptions to ALJ's Lombardo decision untimely, making ALJ Lombardo's non-disability finding the final administrative decision of the Commissioner. Tr. 1144 (Vol. II). *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). The Appeals Council granted Plaintiff's request for an extension of time to file a civil action, which is now presently before the Court on her timely appeal. *Id.*; *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007). The Court now reviews just the final administrative decision by ALJ Lombardo (hereinafter "ALJ").[5]

**B.     Evidence of Record**

The voluminous evidence of record is adequately summarized in ALJ Lombardo's extensive decision (Tr. 1169-1200), Plaintiff's Statement of Errors (doc. 11) and the Commissioner's memorandum in opposition (doc. 12). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

---

[5] Although it has affirmed ALJ Lombardo's non-disability finding, *see infra*, the Court is troubled by the significant period of time that has elapsed in this case since Plaintiff first filed for these Social Security disability benefits in 2002, *i.e.*, fifteen years. The determination of a claimant's disability status should be prompt and expeditiously resolved under the law. The undersigned is committed to resolving the disability appeals on the docket in a timely manner.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable"

and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

In her Statement of Errors, Plaintiff argues that the ALJ erred by: (1) not finding her limited to sedentary work as required by application of administrative *res judicata*; (2) failing to address medical source opinions of record; and (3) incorrectly evaluating her manipulative ability.

Having carefully reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue,

the Court finds the ALJ carefully and reasonably developed and reviewed the record; appropriately considered the medical evidence at issue; properly weighed opinion evidence based upon reasons supported by substantial evidence; reasonably assessed Plaintiff's credibility; accurately determined Plaintiff's RFC; and appropriately concluded, at Step Four and Five, that Plaintiff can perform her past-relevant work as well as a significant number of jobs in the national economy.

A. **Administrative *Res Judicata***

In Social Security disability cases, "the principles of *res judicata* can be applied against the Commissioner." *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997). Thus, "[w]hen the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances." *Id*. In cases such as this, "[a]bsent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ." *Id*. The Commissioner agrees that ALJ Lombardo was bound by ALJ Knapp's RFC finding in the absence of evidence that her condition had improved. Doc. 12 at PageID 77.

Specifically, Plaintiff argues that ALJ Lombardo's "decision [is] silent on the issue" regarding *res judicata* under *Drummond*. Doc. 11 at PageID 68. Thus, Plaintiff contends that ALJ Lombardo's RFC finding "and the failure to consider the decision before[,]" *i.e.*, ALJ Knapp's decision, "is an error of law." *Id*. Contrary to Plaintiff's assertion, however, ALJ Lombardo set forth a detailed finding in this regard, concluding that "[t]he record documents medical improvement in [Plaintiff's] conditions and, accordingly,"[6] ALJ Knapp's RFC finding was "not applicable for any relevant period since May of 2002." Tr. 47 (Vol. III). Given that

---

[6] Notably, Plaintiff does not argue in her Statement of Errors that ALJ Lombardo's decision in this regard is unsupported by substantial evidence. Instead, Plaintiff's argument in the Statement of Errors is limited only to whether or not the ALJ actually considered the issue of administrative *res judicata* and made a finding of medical improvement. *See* doc. 11 at PageID 68-70.

7

ALJ Lombardo did appropriately consider administrative *res judicata*, the Court finds no merit to Plaintiff's argument in this regard. *Accord Drummond*, 126 F.3d at 841-42.

### B. Treating Physicians

In her second assignment of error, Plaintiff argues that the ALJ erred by failing to follow the regulatory requirements for weighing opinions from treating medical sources. Doc. 11 at PageID 70. Specifically, in this regard, Plaintiff argues that the ALJ's analysis of opinions from Drs. White, Adams, Schleicher, and Kleinhenz fails to reference any findings with regard to "specialization, treating relationship, consistency, or supportability[,]" *i.e.*, make findings with regard to the second step of the two-step treating physician analysis. *See id.*; *see also infra* n. 7.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations in effect prior to March 27, 2017, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature

and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[7]

ALJ Lombardo's lengthy, detailed opinion -- read as a whole -- adequately sets forth good reasons as to why the opinions of Drs. White, Adams, Schleicher, and Kleinhenz were not entitled to deferential weight. *See* Tr. 31-41, 47-48 (Vol. III). Accordingly, the undersigned finds the ALJ's analysis of these opinions supported by substantial evidence.

### C. Manipulative Limitations.

In her final assignment of error, Plaintiff argues that the ALJ erred by finding her able to perform frequent fingering and handling despite evidence concluding that she should be limited to just occasional fingering and handling. Doc. 11 at PageID 72-73. The undersigned finds the ALJ's analysis supported by substantial evidence. Even assuming, *arguendo*, that the ALJ erred in this regard, such error is harmless in light of the vocational expert's testimony that, even if limited to occasional fingering and handling, 8,000 jobs were available locally and 150,000 jobs were available nationally at the light, unskilled exertional level. Tr. 806-07 (Vol. III).

### IV.

The Court thus **AFFIRMS** the ALJ's non-disability finding as supported by substantial evidence, and **TERMINATES** this case on the Court's docket.

**IT IS SO ORDERED.**

Date:   September 29, 2017                           s/ Michael J. Newman
                                                    Michael J. Newman
                                                    United States Magistrate Judge

---

[7] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id.*